UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, and <br> RYAN NOAH SHAPIRO <br> c/o Law Office of Jeffrey L. Light <br> 1712 Eye St., NW, Suite 915 <br> Washington, DC 20006, <br><br>       PLAINTIFFS <br>   vs. <br><br> DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Ave., NW <br> Washington, DC 20530, <br><br> DEPARTMENT OF DEFENSE, <br> 1400 Defense Pentagon <br> Washington, DC 20301-1400 <br><br> DEPARTMENT OF STATE, <br> 2201 C St., NW <br> Washington, DC 20520 <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> 131 M St., NE <br> Washington, DC 20507, <br><br> ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Ave., NW <br> Washington, DC 20460 <br><br> NATIONAL SECURITY AGENCY, <br> 9800 Savage Rd. <br> Fort Meade, MD 20755, <br><br> DEPARTMENT OF HOMELAND SECURITY, <br> 245 Murray Lane, SW <br> Washington, DC 20528 <br><br> CENTRAL INTELLIGENCE AGENCY, <br> Washington, DC 20505 | Case No. 1:17-cv-153 (TSC) |

| | )|
|---|---|
|NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,<br>300 E St., SW<br>Suite 5R30<br>Washington, DC 20546<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br>Washington, DC 20511<br><br>           DEFENDANTS| )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)|

# FIRST AMENDED COMPLAINT

## THE PARTIES

1. Plaintiff Jason Leopold is an investigative reporter covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. His reporting has been published in VICE News, The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English, and Al Jazeera America.

2. Plaintiff Ryan Noah Shapiro is a Ph.D. candidate in the Department of Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology, as well as a Research Affiliate at the Berkman Klein Center for Internet & Society at Harvard University. Plaintiff is an historian of national security, the policing of dissent, and governmental transparency.

3. Defendant Department of Justice (DOJ) is an agency of the United States.

4. The Civil Rights Division (CRD), Office of the Attorney General (OAG), Office of the Deputy Attorney General (ODAG), Office of the Assistant Attorney General (OAAG),

Office of Legislative Affairs (OLA), Office of Information Policy (OIP), and the Executive office for United States Attorneys (EOUSA) are components of Defendant DOJ.

5. The CRD, OAG, ODAG, OAAG, OLA, OIP, and EOUSA have possession, custody and control of the records Plaintiffs seek.

6. Defendant Department of Defense (DOD) is an agency of the United States.

7. The United States Army (Army), United States Central Command (CENTCOM), Office of the Secretary of Defense (OSD), and Office of the Assistant Secretary of Defense for Legislative Affairs (OASDLA) are components of DOD.

8. The DOD, Army, and CENTOM have possession, custody and control of the records Plaintiffs seek.

9. Defendant Department of State (DOS) is an agency of the United States.

10. DOS has possession, custody and control of the records Plaintiffs seek.

11. Defendant Equal Employment Opportunity Commission (EEOC) is an agency of the United States.

12. EEOC has possession, custody and control of the records Plaintiffs seek.

13. The Environmental Protection Agency (EPA) is an agency of the United States.

14. EPA has possession, custody and control of the records Plaintiffs seek.

15. Defendant National Security Agency (NSA) is an agency of the United States.

16. NSA has possession, custody and control of the records Plaintiffs seeks.

17. The Securities and Exchange Commission (SEC) is an agency of the United States.

18. The SEC has possession, custody and control of the records Plaintiffs seek.

19. Defendant Department of Homeland Security (DHS) is an agency of the United States.

20. The United States Secret Service (USSS) is a component of Defendant DHS.

21. USSS has possession, custody and control of the records Plaintiffs seeks.

22. The Central Intelligence Agency (CIA) is an agency of the United States.

23. The CIA has possession, custody and control of the records Plaintiffs seek.

24. The National Aeronautics and Space Administration (NASA) is an agency of the United States.

25. NASA has possession, custody and control of the records Plaintiffs seek.

26. The Office of the Director of National Intelligence (ODNI) is an agency of the United States.

27. ODNI has possession, custody and control of the records Plaintiffs seek.

## JURISDICTION AND VENUE

28. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

29. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

30. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

**Background**

31. Jefferson Beauregard "Jeff" Sessions III (aka Jeff Sessions) was born on 24 Dec. 1946 in Selma, AL. Sessions is an attorney and Republican politician.

32. From 1975 through 1981, Sessions was an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of Alabama.

33. From 1981 through 1994, Sessions was the U.S. Attorney for the Southern District of Alabama.

34. In 1986, President Ronald Reagan nominated Sessions to be a judge of the U.S. District Court for the Southern District of Alabama. However, due to Sessions' history of racist and anti-civil libertarian comments and actions, his nomination was fiercely opposed by the NAACP and other civil rights and civil liberties organizations. Sessions' nomination was ultimately rejected by the Senate Judiciary Committee.

35. In 1994, Sessions was elected Attorney General of Alabama.

36. In 1996, Sessions was elected as a United States Senator from Alabama. He has held that position ever since.

37. Sessions is the ranking Republican member on the Senate Budget Committee, a former ranking member of the Senate Judiciary Committee, and a senior member of the Armed Services Committee. Sessions also serves on the Environment and Public Works Committee.

38. Sessions was an early supporter of the presidential candidacy of Donald Trump, and was a major policy adviser to the Trump campaign, especially in regard to immigration and national security. On February 28, 2016, Sessions officially endorsed Donald Trump for president. The Trump campaign considered Sessions for the position of running mate.

39. On 18 Nov. 2016, President-elect Trump designated Sessions as his intended nominee for Attorney General of the United States.

40. As with his earlier nomination by President Reagan for federal judgeship, Sessions' nomination by Trump for U.S. Attorney General has produced heated opposition. This includes opposition from civil rights and civil libertarian organizations, Democratic lawmakers, and over 1,100 law school professors.

41. The conservative organization Judicial Crisis Network, has created the website www.confirmsessions.com to support Sessions' nomination for U.S. Attorney General.

42. Judicial Crisis Network (aka JCN, aka Judicial Confirmation Network) is a conservative 501(c)(4) organization devoted to promoting conservative judicial appointees. JCN was founded in 2005 (as Judicial Confirmation Network). JCN is run by Carrie Severino, a former law clerk for Supreme Court Justice Clarence Thomas.

**Plaintiffs' FOIA Requests**

43. On January 9, 2017, Plaintiffs submitted FOIA requests to the Army, CENTCOM, CIA, DOD, DOJ-CRD, DOJ-OIP, DOJ-OLA, DOJ-OAG, DOJ-ODAD, DOJ-OAAG, DOS, EEOC, EOUSA, EPA, NASA, NSA, ODNI, SEC, and USSS for records relating to Jefferson Beauregard "Jeff" Sessions III (aka Jeff Sessions), Judicial Crisis Network, and confirmsessions.com.

Army

44. In a letter dated January 17, 2017, the Army acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number FA 17-0422. The letter further stated that Plaintiffs' requests were "very broad" and a search could not be completed with reasonable effort based on the information provided. The letter from the Army did not provide Plaintiffs with any appeal rights and did not provide Plaintiffs an adequate opportunity to narrow or clarify the scope of their request prior to closure of the request.

CENTCOM

45. In a letter dated January 20, 2017, CENTCOM acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number 17-0119.

46. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from CENTCOM as to whether or not it will comply with the requests.

CIA

47. In a letter dated January 10, 2017, CIA acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking numbers F-2017-641 (Shapiro) and F-2017-642 (Leopold).

48. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from CIA as to whether or not it will comply with the requests.

DOD-OSD

49. In a letter dated January 12, 2017, DOD acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number 17-F-422.

50. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from DOD-OSD as to whether or not it will comply with the requests.

DOD-OASDLA

51. Plaintiffs have not received any communications from DOD-OASDLA related to their requests.

52. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from DOD-OASDLA as to whether or not it will comply with the requests.

DOJ-CRD

53. In a letter dated January 12, 2017, DOJ-CRD acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number 17-97-F.

54. DOJ-CRD located responsive documents originating with the Department of Labor (DOL) and referred those documents to the DOL Wage and Hour Division (WHD). In a letter dated February 13, 2017, WHD acknowledged receipt of the FOIA requests and assigned them tracking number 824244.

55. Plaintiffs have not received any further correspondence from WHD.

56. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from DOJ-CRD as to whether or not it will comply with the requests, as they relate to the documents referred to WHD.

DOJ-OIP

57. In an email dated January 18, 2017, DOJ-OIP acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number DOJ-2017-1758.

58. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from DOJ-OIP as to whether or not it will comply with the requests.

DOJ-OLA

59.     In an email dated January 18, 2017, DOJ-OLA acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number DOJ-2017-1757.

60.     Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from DOJ-OLA as to whether or not it will comply with the requests.

DOJ-OAG

61.     In an email dated January 18, 2017, DOJ-OAG acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number DOJ-2017-1566.

62.     Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from DOJ-OAG as to whether or not it will comply with the requests.

DOJ-ODAG

63.     In an email dated January 18, 2017, DOJ-ODAD acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number DOJ-2017-1755.

64.     Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from DOJ-ODAG as to whether or not it will comply with the requests.

DOJ-OAAG

65. In an email dated January 18, 2017, DOJ-OAAG acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number DOJ-2017-1756.

66. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from DOJ-OAAG as to whether or not it will comply with the requests.

DOS

67. In a letter dated January 12, 2017, DOS acknowledged receipt of Plaintiffs' FOIA request and assigned them tracking number F-2017-00289. The letter further stated that Plaintiffs' request did not reasonably describe the records sought and that the request was therefore invalid and the case was being closed.

68. Plaintiffs' requests did in fact reasonably describe the records sought, but the letter from DOS did not provide Plaintiffs with any appeal rights and did not provide Plaintiffs an adequate opportunity to narrow or clarify the scope of their request prior to closure of the request.

EEOC

69. Plaintiffs have not received any communications from the EEOC related to their requests.

70. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from EEOC as to whether or not it will comply with the requests.

EOUSA

71.     In a letter dated January 23, 2017, EOUSA acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number DOJ-2017-995.

72.     Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from EOUSA as to whether or not it will comply with the requests.

EPA

73.     Plaintiffs have not received any communications from the EPA related to their requests.

74.     Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from EPA as to whether or not it will comply with the requests.

NSA

75.     In a letter dated January 18, 2017, NSA acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking numbers 100566 and 100567.

76.     Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from NSA as to whether or not it will comply with the requests.

NASA

77. In a letter dated February 3, 2017, NASA acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number 17-HQ-F-250.

78. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from NASA as to whether or not it will comply with the requests.

ODNI

79. In a letter dated January 12, 2017, ODNI acknowledged receipt of Plaintiffs' FOIA requests and assigned them tracking number DF-2017-126.

80. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from ODNI as to whether or not it will comply with the requests.

USSS

81. Plaintiffs have not received any communications from the USSS related to their requests.

82. Over 20 business days have elapsed since the receipt of Plaintiffs' requests and Plaintiffs have not received a determination from USSS as to whether or not it will comply with the requests.

COUNT I:
VIOLATION OF FOIA

83. This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

84. The Army, CENTCOM, CIA, DOD-OSD, DOD-OASDLA, DOJ-CRD, DOJ-OIP, DOJ-OLA, DOJ-OAG, DOJ-ODAD, DOJ-OAAG, DOS, EEOC, EOUSA, EPA, NASA, NSA, ODNI, SEC, and USSS have improperly withheld non-exempt records responsive to Plaintiffs' FOIA requests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' failure to comply with FOIA to be unlawful;

(2) Enjoin Defendants from withholding responsive, non-exempt records;

(3) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiffs such other and further relief which the Court deems proper.

Respectfully Submitted,

__/s/ Jeffrey Light_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiffs*