**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JASON LEOPOLD, and | ) | |
| RYAN NOAH SHAPIRO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.  1:17-cv-153-TSC |
| | ) | |
| DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT**</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, Defendants Department of

Justice, Department of Defense, Department of State, Equal Employment Opportunity

Commission, Environmental Protection Agency, National Security Agency, Securities and

Exchange Commission, Department of Homeland Security, Central Intelligence Agency,

National Aeronautics and Space Administration, and Office of the Director of National

Intelligence respectfully move to dismiss Plaintiffs' First Amended Complaint or, in the

alternative, for summary judgment.  In support of this Motion, Defendants respectfully refer the

Court to the attached Memorandum of Points and Authorities and Proposed Order.

Date: March 20, 2017                          Respectfully submitted,

                                              CHAD A. READLER
                                              Acting Assistant Attorney General

                                              CHANNING D. PHILLIPS
                                              United States Attorney

                                              MARCIA BERMAN
                                              Assistant Branch Director
                                              Civil Division

                                              */s/ Nikhel S. Sus*
                                              Nikhel S. Sus
                                              D.C. Bar No. 1017937
                                              D.D.C. Bar No. D00380
                                              Trial Attorney
                                              United States Department of Justice
                                              Civil Division
                                              Federal Programs Branch
                                              20 Massachusetts Avenue N.W.
                                              Washington, D.C. 20530
                                              Tel.:   (202) 514-2071
                                              Fax:    (202) 616-8470
                                              Email: nikhel.s.sus@usdoj.gov

                                              *Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JASON LEOPOLD, and | ) | |
| RYAN NOAH SHAPIRO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.  1:17-cv-153-TSC |
| | ) | |
| DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

I.      Plaintiffs' FOIA Requests.................................................................................... 2

II.     Defendants' Responses ........................................................................................ 3

III.    This Lawsuit ......................................................................................................... 5

ARGUMENT ...................................................................................................................... 5

I.      Plaintiffs' FOIA Requests Are Impermissibly Broad And Therefore Invalid..................... 6

II.     Plaintiffs Failed To Exhaust Administrative Remedies As To The Agencies And
        Components That Extended Their Response Deadlines By 10 Days. .............................. 12

III.    Plaintiffs Failed To Exhaust Administrative Remedies As To EEOC, Because The
        Agency Has No Record Of Receiving The FOIA Request................................................ 13

CONCLUSION.................................................................................................................... 14

# INTRODUCTION

Under the Freedom of Information Act ("FOIA"), a request for records must "reasonably describe[]" the records sought.  Requests that lack sufficient particularity or are so broad as to impose an unreasonable burden on the agency are facially invalid.  In this suit, Plaintiffs submitted exceedingly broad FOIA requests to 20 agencies and components, seeking every document referring or relating to Attorney General Jefferson B. Sessions, III ("Attorney General Sessions") spanning the past 42 years, from all locations within the agencies.  Plaintiffs' FOIA requests are precisely the type of sweeping, ill-defined requests that courts routinely reject as facially invalid.  This Court should do the same here.  Plaintiffs' failure to reasonably describe the requested records requires dismissal of their FOIA claim as to all Defendants.[1]

Plaintiffs also failed to exhaust administrative remedies with respect to several Defendants.  To satisfy FOIA's exhaustion requirement, requesters must either actually exhaust administrative remedies before filing suit, or, if the agency does not respond to the FOIA request

---

[1] The following agencies and components are named in the First Amended Complaint: the Department of Justice's Office of the Attorney General ("DOJ-OAG"), Office of the Deputy Attorney General ("DOJ-ODAG"), Office of the Associate Attorney General ("DOJ-AAG"), Civil Rights Division ("DOJ-CRT"), Office of Information Policy ("DOJ-OIP"), Office of Legislative Affairs ("DOJ-OLA"), and Executive Office for United States Attorneys ("EOUSA"); the Department of Defense's Office of the Secretary of Defense ("DOD-OSD"), Office of the Assistant Secretary of Defense for Legislative Affairs ("DOD-OASDLA"), United States Central Command ("CENTCOM"), and the Army; the Central Intelligence Agency ("CIA"); the Department of State ("State"); the Equal Employment Opportunity Commission ("EEOC"); the Environmental Protection Agency ("EPA"); the National Aeronautics and Space Administration ("NASA"); the National Security Agency ("NSA"); the Office of the Director of National Intelligence ("ODNI"); the Securities and Exchange Commission ("SEC"); and the United States Secret Service ("USSS").  *See* First Amended Complaint ¶¶ 43-84.

within 20 working days (or 30 working days in "unusual circumstances"), the requester may be deemed to have "constructively" exhausted.  Here, Plaintiffs failed to exhaust in two ways.

First, Plaintiffs prematurely filed their First Amended Complaint ("FAC") as to EOUSA, SEC, NASA, DOD-OSD, DOJ-OIP, DOJ-OAG, DOJ-ODAG, DOJ-OAAG, and DOJ-OLA. Plaintiffs did not actually exhaust remedies with these agencies and components before filing suit.  Nor did Plaintiffs wait the time period necessary to establish constructive exhaustion. Indeed, these agencies and components exercised their statutory authority to extend their deadlines to respond to Plaintiffs' FOIA requests by 10 days due to "unusual circumstances," thereby making their response deadlines no earlier than February 22, 2017.  Plaintiffs, however, filed their FAC on February 17, several days before the 30-day period elapsed.

Second, EEOC has no record of receiving Plaintiffs' FOIA request.  Absent proof that EEOC received Plaintiffs' request, Plaintiffs cannot establish that they exhausted administrative remedies with that agency.

For all these reasons, Defendants respectfully request that the Court dismiss the FAC in its entirety or, alternatively, grant summary judgment in Defendants' favor.

## BACKGROUND

## I.    Plaintiffs' FOIA Requests

Between January 8 and 12, 2017, Plaintiffs Jason Leopold and Ryan Noah Shapiro submitted FOIA requests to Defendants, seeking four categories of documents:

1.  Any and all records constituting, mentioning, or referring to any and all correspondence and/or other communications from, to, mentioning, or referring to Jefferson Beauregard "Jeff" Sessions III (aka Jeff Sessions).  The chronological scope of this section is 1 Jan. 1975 through the date of [the] first substantive search for records responsive to this request.

2

2.  Any and all other records mentioning or referring to Jefferson Beauregard "Jeff" Sessions III (aka Jeff Sessions).  The chronological scope of this section is 1 Jan. 1975 through the date of [the] first substantive search for records responsive to this request.

3.  Any and all records mentioning or referring to the organization Judicial Crisis Network.  The chronological scope of this section is 1 Jan. 2005 through the date of [the] first substantive search for records responsive to this request.

4.  Any and all records mentioning or referring to confirmsession.com.   The chronological scope of this section is 1 Nov. 2016 through the date of [the] first substantive search for records responsive to this request.

Declaration of Alecia Bolling ("Bolling Decl."), Ex. 1 at 2; FAC ¶ 43.[2]  The requests instruct the

agencies to, among other things, search "all electronic and paper/manual indices, filing systems,

and locations for any and all records *relating or referring* to the subject of [the] request."

Bolling Decl., Ex. 1 at 7 (emphasis added).

## II.    Defendants' Responses

On January 9, 2017, State sent Plaintiffs an email acknowledging receipt of the request,

and stating as follows:

> The aforementioned request is too broad and we would like for one of you to be more specific with regards to the documents you are seeking as well as narrowing the timeframe.  Also, please list the offices and or bureaus that you think would have the documents you are looking for.

Declaration of Eric F. Stein ("Stein Decl."), Ex. 1.  Plaintiffs did not respond to State's requests.

*Id.* ¶ 4.  Then, by letter dated January 12, 2017, State informed Plaintiffs that it could not process

their request because, among other things, Plaintiffs did "not reasonably describe[] the records

you seek in a way that someone familiar with Department records and programs could locate

---

[2] Defendants cite only the FOIA request submitted to the Army for ease of reference; it is undisputed that the requests Plaintiffs submitted to the other Defendants were identical.

them."  Stein Decl., Ex. 2; FAC ¶ 67.  The letter said Plaintiffs should submit a request including

"as much of the following [information] as might be relevant": "specify or narrow the time frame

of your request;" "narrow the scope of your request;" identify the "[t]ype of record, subject

matter, countries, . . . organizations," and/or "[b]ureaus/offices" involved; describe the

"[c]ircumstances which lead you to believe the records exist;" and provide a "[f]ull description

of incidents, meetings, events, persons involved, etc., pertaining to the documents requested."

Stein Decl., Ex. 2.  Again, Plaintiffs did not respond to State's letter.  *Id.* ¶ 6.

   The Army took a similar approach.  By letter dated January 17, 2017, the Army informed

Plaintiffs that under FOIA, "a requestor must reasonably describe[] the records being sought,"

and that Plaintiffs' "request is very broad and our office would not be able to conduct a search

with reasonable effort based on the information you have provided."  Bolling Decl., Ex. 2; FAC

¶ 44.  The letter added that "[i]f you would like our office to process your request, please

resubmit your request and provide specific information, to include any U.S. Army activity

involved, in order for your request to be considered perfected."  Bolling Decl., Ex. 2.  As with

State, Plaintiffs did not respond to the Army's request.  Bolling Decl. ¶ 5.

   Between January 11 and February 3, 2017, CENTCOM, CIA, DOD-OSD, DOJ-CRT,

DOJ-OIP (on behalf of itself and DOJ-OAG, DOJ-ODAG, DOJ-OAAG, DOJ-OLA), EOUSA,

NSA, NASA, ODNI, and SEC issued letters acknowledging receipt of Plaintiffs' FOIA requests.

FAC ¶¶ 45, 47, 49, 53, 57, 59, 61, 63, 65, 67, 71, 75, 77, 79.  The letters sent by EOUSA, SEC,

NASA, DOD-OSD, and DOJ-OIP extended their response times to 30 working days, pursuant to

FOIA and agency regulations, based on "unusual circumstances," including that Plaintiffs'

request required searches of multiple offices.  *See* Declaration of John Kornmeier ("Kornmeier

Decl."), Ex. 1; Declaration of Jeffery Ovall ("Ovall Decl."), Ex. 2; Declaration of Mark H.

Herrington ("Herrington Decl."), Ex. 1; Declaration of Josephine Sibley ("Sibley Decl."), Ex. 1;

Declaration of Vanessa R. Brinkmann ("Brinkmann Decl."), Ex. 2.

EEOC has located no record of receiving Plaintiffs' FOIA request. Declaration of

Stephanie D. Garner ("Garner Decl.") ¶¶ 3-4.

## III.    This Lawsuit

On January 24, 2017, Plaintiffs instituted this action against nine agencies and

components: the Army, CENTCOM, State, EEOC, DOJ-EOUSA, EPA, NSA, SEC, and USSS.

On February 17, 2017, Plaintiffs amended their Complaint, adding 11 components and agencies:

CIA, DOJ-OAG, DOD-ODAG, DOD-OAAG, DOJ-CRT, DOJ-OIP, DOJ-OLA, DOD-OSD,

DOD-OASDLA, NASA, and ODNI. The FAC contains a single count alleging that Defendants

violated FOIA by "improperly with[holding] non-exempt records responsive to Plaintiffs' FOIA

requests." FAC ¶ 84.

## ARGUMENT

The FAC should be dismissed for several reasons. First, as to all Defendants, Plaintiffs'

FOIA requests are impermissibly broad and therefore invalid. Failure to submit a valid FOIA

request in the first instance constitutes a failure to exhaust administrative remedies, warranting

dismissal of the FAC in its entirety. Second, as to the components that extended their response

deadlines by 10 days (i.e., EOUSA, SEC, NASA, DOJ-OIP, DOJ-OAG, DOJ-ODAG, DOJ-

OAAG, and DOJ-OLA), Plaintiffs prematurely filed the FAC on February 17, and thus failed to

exhaust administrative remedies.  Third, EEOC has no record of receiving Plaintiffs' FOIA

request, so Plaintiffs failed to exhaust with respect to that agency as well.[3]

## I.      Plaintiffs' FOIA Requests Are Impermissibly Broad And Therefore Invalid.

"[E]xhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under

FOIA."  *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004); *see* 5 U.S.C. §§ 552(a)(6)(A).  The

statute "favors treating failure to exhaust as a bar to judicial review."  *Wilbur*, 355 F.3d at 677.

To satisfy this exhaustion requirement, a plaintiff must submit a "valid" FOIA request in the first

instance.  Indeed, "only a valid FOIA request can trigger an agency's FOIA obligations"; a

"failure to file a perfected request . . . constitutes failure to exhaust administrative remedies."

*Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 102 (D.D.C. 2009) (quoting *Dale v. IRS*, 238 F.

Supp. 2d 99, 103 (D.D.C. 2002)); *see also Truitt v. Dep't of State*, 897 F.2d 540, 544 (D.C. Cir.

1990) (invalid request "does not trigger a search of agency records"); *Vest v. Dep't of Air Force*,

793 F. Supp. 2d 103, 113 (D.D.C. 2011) (same).

---

[3] Rule 12(b)(6) is the appropriate procedural vehicle for dismissal based on a FOIA requester's failure to exhaust administrative remedies.  *See Hidalgo v. FBI*, 344 F.3d 1256, 1258-60 (D.C. Cir. 2003) (noting that FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review and instructing district court to dismiss complaint under Rule 12(b)(6) for failure to state a claim); *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) ("[W]here an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim.").  In ruling on Defendants' Rule 12(b)(6) motion, the Court may consider not only the allegations in the FAC, but also documents "incorporated by reference in the complaint," *Atchison v. U.S. Dist. Courts*, 190 F. Supp. 3d 78, 93 (D.D.C. 2016), such as Plaintiffs' FOIA requests and agency correspondence relating to the requests, *see* FAC ¶¶ 43-82.  Nonetheless, Defendants have styled this motion as a motion to dismiss or, in the alternative, for summary judgment, should the Court deem it necessary to treat this motion as one for summary judgment.  *See Pinson v. DOJ*, 61 F. Supp. 3d 164, 172 & n.6 (D.D.C. 2015) (considering motion to dismiss or, in the alternative, for summary judgment raising FOIA exhaustion argument and deciding to evaluate motion under summary judgment standard).

To be valid, a FOIA request must "reasonably describe[]" the records sought.  5 U.S.C. § 552(a)(3)(A).  "[R]ecords are reasonably described 'if a professional employee of the agency familiar with the subject matter can locate the records with a 'reasonable amount of effort.'"[4] *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012).  "[I]t is the requestor's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested."  *Assassination Archives & Research Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990) (per curiam).  Thus, as numerous courts—including this one—have held, "[b]road, sweeping requests lacking specificity are not sufficient."  *Sack v. CIA*, 53 F. Supp. 3d 154, 163 (D.D.C. 2014); *see, e.g.*, *Am. Fed'n of Gov't Emps., Local 2782 v. Dep't of Commerce*, 907 F.2d 203, 208-09 (D.C. Cir. 1990) (deeming request invalid where it asked agency "to locate 'every chronological office file and correspondent file, internal and external, for every branch office, staff office, etc." because request was "so broad as to impose an unreasonable burden upon the agency") (brackets omitted); *Landmark Legal Found. v. DOJ*, __ F. Supp. 3d __, __, 2016 WL 5676706, at *6

---

[4] This is an objective inquiry that can be evaluated as a matter of law based on the FOIA request alone.  *See Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 63 (D.D.C. 2013) (dismissing FOIA complaint where requests were facially "invalid because they did not reasonably describe the records sought"); *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012) (same); *Dale*, 238 F. Supp. 2d at 105 (same).  Thus, it is not necessary for the agency to introduce evidence demonstrating the particular burdens it would face if required to search for and produce the requested records.  *See Borden v. FBI*, 27 F.3d 554, *1 (1st Cir. 1994) (unpublished) ("[T]he request which plaintiff allegedly presented . . . does not reasonably describe the records sought. . . . Since the complaint shows on its face that the plaintiff did not present a proper request, we need not consider defendant's remaining arguments." (citations omitted)).

(D.D.C. Sept. 30, 2016) (Chutkan, J.) (deeming request "invalid" and "unreasonable" where it sought "all the personal emails and other forms of communication by all employees within the three divisions named, along with other Department of Justice employees in leadership positions").  The reasonable description requirement "relates not only to the subject matter of a search but also to its location."  *Bailey v. Callahan*, 2010 WL 924251, at *4 (E.D. Va. Mar. 11, 2010) (citing *Freeman v. DOJ*, 808 F.2d 834, at *2 (4th Cir. 1986) (table)); *see id.* at *5 (deeming request "overbroad" where it failed to specify which agency components to search and there were "numerous [agency] components which could be expected to have responsive documents"); *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 163 (D.D.C. 2013) (request was "overly broad because it would require the CIA to search every office for any documents containing the word 'Watson'").

Of particular relevance here, courts have deemed FOIA requests overbroad and thus invalid where they seek "all documents" referring or relating to a particular person, especially where the request is not limited to specific offices or custodians.  *See, e.g.*, *Dale*, 238 F. Supp. 2d at 104-105 (deeming request facially deficient where it sought "any and all documents . . . that refer or relate in any way to Billy Ray Dale," and requester did not "direct his search requests to specific regional offices from which he sought records"); *Vest*, 793 F. Supp. 2d at 107, 113-15 (deeming request invalid where it sought "all records on or pertaining to Mr. Robert Bryant Morrison . . . wherever they may be filed or located at . . . . your agency or in its repositories," but lacked "necessary information" such as details showing the connection, if any, between Morrison and the defendant agencies); *Fonda v. CIA*, 434 F. Supp. 498, 501 (D.D.C. 1977) (request for "all documents" that were "filed under [requester's] name" or that "concern[ed] her"

failed to "'reasonably describe' the records" sought); *Keese v. United States*, 632 F. Supp. 85, 91

(S.D. Tex. 1985) ("Requests for all documents containing a requester's name are not reasonably

specific as required by the FOIA.").

Like the requests in the above cases, Plaintiffs' requests are facially deficient because

they fail to "reasonably describe" the records sought.  Among other things, the requests seek

"all" documents "mentioning or referring to" Attorney General Sessions from January 1975 to

the present, from "all . . . locations" within the agencies.  Bolling Decl., Ex. 1 at 2, 7.  The

requests thus span a vast time frame, include no limitation as to the custodians or offices to be

searched, and encompass *every* document referring to a particular public official from his entire

42-year career in government service.

Compounding the overbreadth of Plaintiffs' requests is their instruction to search "for any

and all records *relating . . . to* the subject of [the] request."  Bolling Decl., Ex. 1 at 7 (emphasis

added).  Such requests for documents that "relate to" a particular topic are "inevitably 'subject to

criticism as overbroad since life, like law, is a seamless web, and all documents relate to all

others in some remote fashion.'"  *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 61

(D.D.C. 2013); *see id.* (requests for "'all' records that 'relate to' [several] subject area[s]" were

"invalid *ab initio*"); *Sack*, 53 F. Supp. 3d at 164 (deeming request for "all records" that "pertain

to" a particular topic overbroad, and noting that the phrases "pertain to" or "relate to" are

"difficult to define because a record may pertain to something without specifically mentioning

it.").  Indeed, Plaintiffs' requests could plausibly be read to require Defendants to search for any

document possessed by any individual at any of the 20 agencies and components named in the

FAC that "relate to" any aspect of Attorney General Sessions' work over the past 42 years,

9

including his 21 years as a United States Senator, 13 years as a United States Attorney, and six

years as an Assistant United States Attorney.  Complying with this task would be incredibly

burdensome, if not impossible, since Plaintiffs' requests provide no criteria by which to

determine whether a record "relates to" Attorney General Sessions, and a record may well "relate

to" Attorney General Sessions without specifically mentioning his name.

Plaintiffs' other requests—for all documents "mentioning or referring to" the "Judicial

Crisis Network" or "confirmsession.com," Bolling Decl., Ex. 1 at 2—are similarly deficient.

Although they include a narrower date range than the other requests, they still contain no

limitation as to the offices or custodians to be searched, and instead request searches of "all . . .

locations" within the agencies and components.  Bolling Decl., Ex. 1 at 7.  The requests are also

subject to Plaintiffs' improper instruction that Defendants search for all documents "relating . . .

to the subject of [the] request."  *Id.*

Due to the overbreadth and invalidity of Plaintiffs' FOIA requests, both the Army and

State declined to process them and asked Plaintiffs to provide further details that would allow the

agencies to conduct a reasonable search for responsive records.  *See* FAC ¶¶ 44, 67; Bolling

Decl., Ex. 2; Stein Decl., Exs. 1-2.  Plaintiffs nonetheless allege that the Army and State "did not

provide Plaintiffs an adequate opportunity to narrow or clarify the scope of their request."  FAC

¶¶ 44, 68.  That is false.  As the very correspondence cited in Plaintiffs' FAC make clear, both

agencies explicitly invited Plaintiffs to provide narrower and more detailed requests.  Plaintiffs

ignored those invitations, opting instead to file this suit.

Plaintiffs also suggest that the Army and State should have provided Plaintiffs with

administrative appeal rights.  *See* FAC ¶¶ 44, 68.  Plaintiffs are mistaken.  FOIA only requires

10

agencies to provide administrative appeal rights when the agency has made an "adverse

*determination*."  5 U.S.C. § 552(a)(6)(A)(i)(III)(aa) (the agency shall, "in the case of an adverse

*determination*," notify the requester of "the right of such person to appeal to the head of the

agency") (emphasis added).  An agency has made a "determination" when it has "gather[ed] and

review[ed] the documents," and "determine[d] and communicate[d] the scope of the documents

it intends to produce and withhold, and the reasons for withholding any documents." *Citizens for*

*Responsibility & Ethics in Washington* ("*CREW*") *v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

Here, State and the Army made no such "determination"—i.e., they made no decision on

whether to produce or withhold documents.  They instead declined altogether to process

Plaintiffs' facially-invalid request.  Because no "determination" was made, Plaintiffs had no

administrative appeal rights, and the agencies, in turn, had no obligation to inform Plaintiffs of

such rights. *See Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 280 (D.D.C. 2012) (holding

that "FOIA does not require agencies to provide administrative appeals on the issue of whether a

request is proper in the first place" and dismissing claim concerning that issue); *Vest*, 793 F.

Supp. 2d at 107, 113 (rejecting plaintiff's argument that he should have been informed of his

appeal rights where Army declined to process his facially-invalid FOIA request, reasoning that

"there was no denial" but rather the "request was not processed because it was inadequate, as it

lacked necessary information.").

      Because Plaintiffs' FOIA requests are facially invalid, the FAC should be dismissed in its

entirety for failure to exhaust administrative remedies.

**II.     Plaintiffs Failed To Exhaust Administrative Remedies As To The Agencies And Components That Extended Their Response Deadlines By 10 Days.**

A requester may satisfy FOIA's exhaustion requirement in one of two ways: (1) by actually exhausting administrative remedies before filing suit, or (2) if the agency does not respond to the FOIA request within 20 working days, the requester may be deemed to have "constructively exhausted" administrative remedies.  *See* 5 U.S.C. § 552(a)(6)(C)(i); *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003).  FOIA authorizes an agency to extend its 20-day response deadline to 30 working days in "unusual circumstances," upon written notice to the requester.  *See* 5 U.S.C. § 552(a)(6)(B)(i); *CREW*, 711 F.3d at 184.  "Unusual circumstances" exist when the request seeks records "from field facilities or other establishments that are separate from the office processing the request"; requires examination of "a voluminous amount of separate and distinct records"; or requires consultation with another component "having substantial subject-matter interest therein."  5 U.S.C. § 552(a)(6)(B)(iii)(I)-(III).

Here, EOUSA, NASA, SEC, DOD-OSD, and DOJ-OIP (on behalf of itself and DOJ-OAG, DOJ-ODAG, DOJ-OAAG, and DOJ-OLA) provided written notice to Plaintiffs that they were extending their response deadlines pursuant to § 552(a)(6)(B)(i) and agency regulations. *See* Kornmeier Decl., Ex. 1; Sibley Decl., Ex. 1; Ovall Decl., Ex. 2; Herrington Decl., Ex. 1; Brinkmann Decl., Ex. 2.  The agencies and components explained that Plaintiffs' requests required, among other things, searches in other offices and consultation with other agencies and components having a substantial subject-matter interest in the requested records—both of which qualify as "unusual circumstances" under FOIA.

Since these agencies and components invoked § 552(a)(6)(B)(i), they had a total of 30 working days (i.e., excluding weekends and holidays) to respond to Plaintiffs' FOIA requests. The chart below outlines the response deadline for each agency and component, based on the date Plaintiffs' requests were received:

| Agency/Component | Date FOIA Request Received | 30-Day Response Deadline |
|---|---|---|
| EOUSA, NASA, DOJ-OIP | January 9, 2017 | February 22, 2017 |
| DOD-OSD | January 10, 2017 | February 23, 2017 |
| SEC | January 12, 2017 | February 27, 2017 |

Plaintiffs, however, filed their FAC on February 17, several days before any of these 30-day deadlines elapsed.  Thus, Plaintiffs did not wait the time period necessary to establish constructive exhaustion, nor did they actually exhaust administrative remedies before filing suit. Plaintiffs' claims against EOUSA, SEC, NASA, DOD-OSD, DOJ-OIP, DOJ-OAG, DOJ-ODAG, DOJ-OAAG, and DOJ-OLA should therefore be dismissed for failure to exhaust administrative remedies.

III.    **Plaintiffs Failed To Exhaust Administrative Remedies As To EEOC, Because The Agency Has No Record Of Receiving The FOIA Request.**

Plaintiffs' claim against EEOC must be dismissed because there is no indication that the agency ever received the FOIA request.  "'If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond.  Without any showing that the agency received the request, the agency has no obligation to respond to it.'"  *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006), *aff'd*, 2007 WL 1723362 (D.C. Cir. Mar. 6, 2007) (per curiam) (internal citation omitted).  "When the agency offers a declaration stating that

13

a search of its records failed to unearth any evidence of having received a specified FOIA request from the plaintiff, this declaration is entitled to 'a presumption of good faith.'" *Pinson v. DOJ*, 69 F. Supp. 3d 108, 114 (D.D.C. 2014).  Unless that presumption is rebutted by competent evidence, the FOIA claim should be dismissed for failure to exhaust administrative remedies. *See West*, 2007 WL 1723362, at *1 (affirming dismissal on exhaustion grounds where plaintiff had "shown no proof of receipt by the [agency] of [his] FOIA request."); *Ning Ye v. Holder*, 624 F. Supp. 2d 121, 124 (D.D.C. 2009) (dismissing case on exhaustion grounds based on agency declaration stating that agency never received plaintiff's FOIA request); *Pinson*, 69 F. Supp. 3d at 115 (same).

Here, as in the above cases, EEOC has provided a sworn declaration stating that the agency has no record of receiving Plaintiffs' FOIA request.  Garner Decl. ¶¶ 3-4.  The declaration explains that EEOC searched for the request in all locations in which it reasonably would have been located, including in the agency's e-FOIA tracking system, FOIA email account, Washington Field Office email account, fax machines, and regular mail. *Id.* ¶ 4. "Since the agency's declaration[] affirm[s] that a search of [EEOC's] databases did not produce evidence that the agency ever received" Plaintiffs' FOIA request, Plaintiffs have "not exhausted [their] administrative remedies." *West*, 448 F. Supp. 2d at 211.  Thus, Plaintiffs' claim against EEOC should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the First Amended Complaint or, alternatively, grant summary judgment in Defendants' favor.

Date: March 20, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

MARCIA BERMAN
Assistant Branch Director
Civil Division

*/s/ Nikhel S. Sus*
Nikhel S. Sus
D.C. Bar No. 1017937
D.D.C. Bar No. D00380
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C. 20530
Tel.:   (202) 514-2071
Fax:   (202) 616-8470
Email: nikhel.s.sus@usdoj.gov

*Counsel for Defendants*

15